

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-17-2006

# Vanguard v. Goade

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1584

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Vanguard v. Goade" (2006). *2006 Decisions.* Paper 1264.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1264

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


Case No:  05-1584


VANGUARD IDENTIFICATION SYSTEMS, INC.,


Appellant


v.


RONNIE E. GOADE, SR., INDIVIDUALLY AND AS TRUSTEE FOR THE
RONNIE E. GOADE, SR. REVOCABLE TRUST; THE RONNIE E. GOADE,
SR. REVOCABLE TRUST; REG OK ACQUISITION, LLC; JOHN AND
JANE DOES 1-6; LIQUIDATING TRUSTEES 1-6; SUSAN M. GOADE;
SEAN GOADE; RON E. GOADE, JR.; RENISE GOADE LEE


Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Civil No. 02-02943)
District Court: Hon. John P. Fullam


Argued: February 2, 2006
Before: McKEE, SMITH, and VAN ANTWERPEN   Circuit Judges.


(Filed:  April 17, 2006)


George A. Bochetto (Argued)
David J. Perlman, Esq.
Bochetto & Lentz, P.C.
1524 Locust Street
Philadelphia, PA 19102
Attorneys for Appellant

Marc L. Zaken (Argued)
Edwards & Angell, LLP
Three Stamford Plaza
301 Tresser Boulevard
Stamford, CT 06901
William E. Lohnes, Esq.

Edwards & Angel, LLP
90 State House Square
Hartford, CT 06103

Attorneys for Appellee

OPINION

McKEE, Circuit Judge.

Appellant Vanguard Identification Services, Inc. appeals the judgment entered in favor of appellees and the denial of its post-trial motion for judgment as a matter of law or for a new trial. For the reasons discussed below, we will affirm.

Because we write primarily for the parties, we need not recite the facts of this case except insofar as may be helpful to our brief discussion. Vanguard brought the present action on May 16, 2002, after it was unable to collect on a stipulated judgment that had been entered in an underlying patent infringement action against Stik/Strip. Vanguard could not recover on that judgment because the assets of Stik/Strip had been encumbered by its sale to Docusystems. In this action, Vanguard alleges that Stik/Strip's owner, Ronnie E. Goade, misled Vanguard into believing that the assets of Stik/Strip would not be encumbered by the sale to Docusystems.

The jury found that the defendants injured Vanguard by negligently misrepresenting the impact of the sale on Stik/Strip's assets. However, the jury also determined that Vanguard learned of the misrepresentation more than two years prior to filing the present action. Consequently, the trial court found that Vanguard's suit was barred by the applicable statute of limitations.

2

On appeal, Vanguard concedes that it learned the assets were encumbered in October of 1999 when it received a Dun & Bradstreet Report it had ordered in connection with the patent infringement action. However, Vanguard claims that information only afforded notice of an equitable claim and that the instant claim for damages did not ripen until the damages were determined by the stipulated judgment. We disagree.

Under Pennsylvania law, once all elements of a claim, including damages, have accrued, the claim is actionable. *See CGB Occupational Therapy, Inc. v. RHA Health Servs. Inc.*, 357 F.3d 375, 384 (3d Cir. 2004). Although Vanguard had notice of the misrepresentation in October of 1999, it filed no claim until May of 2002; after the applicable two-year statute of limitations had expired. Vanguard's efforts to establish some kind of grand distinction between an equitable cause of action and a cause of action for damages is unsupported and unconvincing. After receiving the Dun & Bradstreet report, Vanguard could have sought an injunction for the express purpose of protecting the assets in the event it recovered damages in the patent infringement action. Nothing here suggests the amount of those damages would have been too speculative to allow a court to impose that equitable remedy, assuming Vanguard was able to meet the traditional requirements for equitable relief. *See Hoxworth v. Blinder*, 903 F.2d 186, 197 (3d Cir. 1990). Having failed to take that action, it can not now attempt to sue for the same cause of action by distinguishing between damages and injunctive relief.

Moreover, it was not error for the district court to ask the jury to determine when Vanguard discovered the misrepresentation. "Whether the statute of limitations has run

on a claim is a question of law for the trial court to determine; but the question as to when a party's injury and its cause were discovered or discoverable is for the jury." *Fine v. Checcio*, 870 A.2d 850, 859 (Pa. 2005). The trial court asked the jury whether Vanguard learned or reasonably should have learned of the misrepresentation before May 15, 2000, the date marking the beginning of the two year limitations period under applicable law. Clearly, that was a permissible inquiry. Nevertheless, even assuming *arguendo* that the district court erred, any error in submitting the question to the jury was harmless because the district court stated on the record that it agreed with the jury's determination that Vanguard knew of the injury more than two years before it filed this action.

Accordingly, Vanguard's action is now precluded by Pennsylvania's two year statute of limitations. Its arguments regarding judicial misconduct and successor liability therefore are moot and no further discussion is necessary.

‾‾‾‾‾‾‾‾‾